**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ROBERT WILLIAMS**                                                                                                            **PLAINTIFF**

**V.**                                                           **NO. 4:22-CV-79-DMB-DAS**

**ALLSTATE INDEMNITY COMPANY**                                      **DEFENDANT**

**OPINION AND ORDER**

Robert Williams sued Allstate Indemnity Company after Allstate denied insurance coverage for fire damage to his property. Allstate moves to dismiss only Williams' bad faith and negligent infliction of emotional distress claims. Because Williams' complaint adequately alleges that Allstate lacked a reasonable basis for the denial of coverage but fails to allege facts to support the emotional distress claim, Allstate's motion to dismiss will be granted in part and Williams will be allowed the opportunity to seek leave to amend.

**I
Procedural History**

On March 7, 2022, Robert Williams filed a complaint in the Circuit Court of Leflore County against Allstate Indemnity Company. Doc. #2. Seeking compensatory and punitive damages, Williams alleges claims for breach of contract, bad faith breach of contract, and negligent infliction of emotional distress based on Allstate's denial of a fire damage claim he made under an insurance policy issued to him by Allstate. *Id.* at PageID 24–26. Asserting diversity jurisdiction, Allstate removed the case to the United States District Court for the Northern District of Mississippi on May 26, 2022. Doc. #1.

One week later, on June 2, 2022, Allstate filed "its Motion to Dismiss Certain Counts of Plaintiffs' [sic] Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in

the alternative Motion for Judgment on the Pleadings as to Certain Counts of the Complaint pursuant to Rule 12(c)." Doc. #3. The motion, which seeks dismissal of only the bad faith and negligent infliction of emotional distress claims,[1] is fully briefed. Docs. #4, #10, #11.

## II
## Standard

The standard for deciding a Rule 12(c) motion is the same standard used for deciding a motion to dismiss pursuant to Rule 12(b)(6). *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Henley v. Biloxi H.M.A., L.L.C.*, 48 F.4th 350, 353 (5th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted).

## III
## Factual Allegations

Williams "is the insured party for Landlords Package Policy #985876598 issued by Allstate for property located at 602 Henderson Street, Greenwood, MS." Doc. #2 at PageID 19. "At all relevant times … [the] policy … was in force and effect …." *Id.* at PageID 23. "A fire occurred on the property on August 30, 2019. When [Williams] arrived at the residence, the fire was diffused and was promptly reported to [Allstate] …." *Id.* at PageID 21.

On October 2, 2019, Williams "received a letter from Allstate reserving their right to later

---

[1] *See* Doc. #3 at 2.

2

deny coverage … because the home may have been vacant or unoccupied for more than ninety (90) days prior to the loss." *Id.* (emphasis omitted). Williams contacted his insurance agent, Barry Makamson, to inform him that "the property was being occupied by the tenant in the 90 days leading up to the fire[ and p]roof was provided to the agent to refute the allegation of a 90-day vacancy." *Id.* Makamson "left a voicemail [for the adjustor, Richard Read] indicating that he had seen proof that the property was not vacant." *Id.*

Allstate instructed Williams to appear for an examination under oath and Williams complied. *Id.* He also "provided messages and other evidence … to refute the allegation that the property was vacant" and "[n]eighbors had previously provided statements to Read in 2019 to refute the allegation." *Id.*

On August 26, 2020, Allstate denied Williams' claim because it determined the fire was the result of vandalism and the "loss could not be covered because the home was vacant or unoccupied for more than 90 *consecutive* days immediately prior to the vandalism." *Id.* Williams "attempted to provide additional evidence to [Allstate] for reconsideration of the denial[ but t]hese attempts were unsuccessful." *Id.* at PageID 23.

## IV
## Analysis

Allstate argues dismissal of the bad faith breach of contract and negligent infliction of emotional distress claims is warranted because the complaint "does not include factual allegations that are more than mere labels and conclusions and a formulaic recitation of the elements of a cause of action." Doc. #4 at 4.

### A. Bad Faith

"In order to prevail on a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claims, or that the insurer committed

a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Estate of Greenwood v. Montpelier US Ins. Co.*, 326 So. 3d 459, 464 (Miss. 2021).[2]

Allstate argues that "while the Complaint does state that [it] lacked an arguable basis for its decision to deny Plaintiff's claim, that allegation is a mere hollow conclusion that should be ignored;" there are "no factual allegations in the Complaint that indicate that [it] manufactured, conspired, or attempted to create a set of facts to form a basis for denying the claim;" and while the complaint "alleges that [Williams] provided proof to his insurance agent and that neighbors of the subject property had previously provided statements to the Allstate adjuster that the property was not vacant," the complaint "fails to include any factual description of the 'proof.'" Doc. #4 at 4–8. Allstate also argues that the complaint "fails to allege any facts supporting the third element of a bad faith claim, … that the denial of the claim resulted from malice, insult, or gross negligence." *Id.* at 9.

Williams responds that the complaint "provides sufficient facts to support a claim of bad faith" because it "explicitly states that he provided messages and other evidence to the insurer to show that the home was not vacant[;] … that neighbor [sic] gave statements to the adjuster that the home was not vacant for 90 days prior to the fire[; and] … that proof was provided to his agent, who in turn contacted the adjuster to advise him that the home was not vacant;" and "[t]hese allegations are far from being … conclusory or speculative." Doc. #10 at 2–4.

Allstate replies that "the text messages provided by [Williams—which it attached to its reply—] do not actually, definitively prove that the house was vacant – even if believed to be true;" "the allegation that [Williams'] insurance agent told the adjuster that the property was not vacant

---

[2] "When jurisdiction is based on diversity, [federal courts] must apply the substantive law of the forum state …." *Donahue v. Makar Installations, Inc.*, 33 F.4th 245, 249 n.5 (5th Cir. 2022). And the policy here provides that "the laws of the state in which the residence premises is located shall govern any and all claims or disputes in any way related to this policy." Doc. #3-1 at PageID 53 (emphasis omitted).

4

should not be persuasive because the allegation is clearly based upon hearsay;"[3] and the "only allegations that [Williams] has included to support [his bad faith] claim are only conclusory." Doc. #11 at 4–5.

As an initial matter, the Court declines to consider the text messages in deciding the motion to dismiss. Allstate argues in a footnote that "[b]ecause the text messages are referenced in the Complaint, the messages are considered part of the pleading and may also be considered in ruling on a motion to dismiss." Doc. #11 at 4. While Allstate cites *In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007), in support of its argument, the documents considered in that case were insurance contracts that "were referred to in the complaints, and … central to the plaintiffs' claims." *In re Katrina*, 495 F.3d at 205. Unlike the insurance contracts in *In re Katrina*, nothing here shows that the text messages Allstate attached to its reply are the specific (or only) messages referenced in the complaint;[4] so consideration of the text messages would not be proper in this instance.[5]

Since the allegations of the complaint are taken as true for purposes of the motion to dismiss, the Court agrees with Williams that the complaint adequately states a bad faith claim. Specifically, the complaint alleges that after Allstate advised Williams it may deny coverage based on the property being vacant, Williams contacted his agent and informed him the property was being occupied and provided "messages and *other evidence*," including statements from neighbors,

---

[3] Notably, Allstate provides no authority to support its argument that consideration of hearsay—which is generally prohibited under the Federal Rules of Evidence—in a complaint is improper on a motion to dismiss where the allegations of the complaint are taken as true.

[4] Besides, the text messages do not appear to be properly authenticated by Allstate to the extent Allstate merely represents in its reply brief (which is not evidence) that the text messages were provided by Williams. *See* Doc. #11 at 3–4.

[5] Regardless, consideration of the text messages would not alter the Court's conclusion. The messages include portions of conversations—largely without dates on which they occurred—and at best show that an unidentified individual was "[g]etting the rest of the furniture" out of the property on August 26, only four days before the fire. *See* Doc. #11-1 at PageID 156.

5

indicating the property was not vacant; and despite this evidence, Allstate denied his claim on the basis that the policy did not provide coverage for vandalism if the property had been vacant for ninety days before the vandalism. Doc. #2 at PageID 22–23 (emphasis added). Because the complaint alleges Allstate denied the claim despite being provided evidence the property was occupied ninety days before the fire, it adequately alleges Allstate lacked an arguable or legitimate basis for denying the claim.

As for Allstate's argument that Williams failed to allege malice, while such is required for Williams to be entitled to recover punitive damages on his claims, it is not required for him to recover extra-contractual damages. *See Liberty Ins. Co. v. Tutor*, 309 So. 3d 493, 507 (Miss. Ct. App. 2019) (recognizing "that to prove a bad-faith claim, the plaintiff/claimant bears the burden of proving that the insurer *either* lacked a legitimate or arguable basis for denying his claim *or* that it committed a willful or malicious wrong" and "when an insurer denies a claim without an arguable basis, but the jury does not award punitive damages, extra-contractual damages may provide an immediate form of relief") (emphasis added).

### B. Negligent Infliction of Emotional Distress

Allstate argues that because the complaint "fails to allege facts which establish that [it] lacked an arguable basis for denying [Williams'] claim" and the "Mississippi Supreme Court has held that extracontractual damages, such as awards for emotional distress and attorneys' fees, are not warranted where the insurer can demonstrate an arguable, good-faith basis for denial of a claim," dismissal of the negligent infliction of emotional distress claim is warranted. Doc. #4 at 10 (cleaned up). It also argues that Williams "has not alleged that he incurred a physical manifestation of an injury or demonstrable harm, and this count fails for this reason alone." *Id.* at 11.

6

Williams responds that for the same reasons the complaint states a claim for bad faith, it "contains sufficient facts to show that Allstate lacked a legitimate arguable basis to deny the claim" so he "should be allowed [to] pursue his claim of negligent emotional distress." Doc. #10 at 3. Allstate replies that Williams' response "does not address [its] argument that the Complaint fails to allege sufficient facts that [he] has suffered a demonstrable physical or mental harm" as required to recover on a negligent infliction of emotional distress claim. Doc. #11 at 5.

As discussed above, given the motion to dismiss standard, the complaint adequately alleges Allstate lacked an arguable basis for denying coverage such that extra-contractual damages may be warranted. However, the emotional distress claim is still properly dismissed.

"Under Mississippi law, a claim for negligent infliction of emotional distress requires allegations supporting a claim for general negligence in addition to allegations of some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Cirino v. Bank of Am., N.A.*, No. 1:14-cv-240, 2015 WL 5752105, at *7 (S.D. Miss. Aug. 16, 2015) (quoting *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (Miss. 2001)). While the complaint here generally alleges in conclusory fashion that Williams experienced emotional distress as a result of the denial, there are no specific factual allegations to support the claim. *See generally* Doc. #2. Without such allegations, Williams failed to adequately allege a negligent infliction of emotional distress claim. *See Alston v. Miss. Dep't of Emp. Sec.*, 300 So. 3d 543, 549 (Miss. Ct. App. 2020) (negligent infliction of emotional distress claim was properly dismissed because "[w]hile [plaintiff] claimed that he received treatment at [specific medical centers] as a result of [defendant's] conduct, there were no facts or evidence presented that link [plaintiff's] treatment to any wrongdoings of [defendant]"); *Spann ex rel. Hopkins v. Word of Faith Christian Center Church*, 589 F. Supp. 2d 759, 772 (S.D. Miss. 2008)

7

(plaintiff's depression was insufficient to sustain a claim for negligent infliction of emotional distress); *Cirino*, 2015 WL 5752105 at *7 ("Plaintiff's lone allegation that he 'suffered undue emotional distress, anxiety, and mental anguish' similarly does not sufficiently allege facts indicating that Plaintiff suffered an injury giving rise to a claim for negligent infliction of emotional distress.").

### C. Summary

The complaint adequately alleges Allstate lacked an arguable basis for denying Williams' insurance claim so dismissal of the bad faith claim is not appropriate. But because the complaint fails to allege facts to support the negligent infliction of emotional distress claim, such claim is properly dismissed.

"While a court can dismiss a deficient pleading, it should provide *at least* one opportunity to cure pleading deficiencies before dismissing a case …." *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (cleaned up). Because it is not clear the deficiencies identified here are incurable and because Williams has not advised the Court he is unwilling or unable to amend in a manner that will avoid dismissal, Williams will be allowed a period of time to seek leave to amend his complaint.

### V
### Conclusion

Allstate's motion to dismiss [3] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of the negligent infliction of emotional distress claim. It is DENIED in all other respects. Within fourteen (14) days of the entry of this order, Williams may seek leave to amend his complaint.[6]

---

[6] Should Williams fail to seek leave to amend or if it is ultimately determined amendment would be futile, the negligent infliction of emotional distress claim will be dismissed with prejudice.

8

**SO ORDERED**, this 28th day of November, 2022.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
